# Cooper & Kirk

### Lawyers
A Professional Limited Liability Company

David. H. Thompson
(202) 220-9659
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

January 30, 2024

VIA CM/ECF

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
Elbert P. Tuttle Courthouse
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: *Baughcum v. Jackson*, No. 22-13444

Dear Mr. Smith,

Plaintiffs write to bring the Third Circuit's recent decision in *Lara v. Commissioner Pennsylvania State Police*, No. 21-1832, 2024 WL 189453 (3d Cir. Jan. 18, 2024), to the Court's attention. Like this case, *Lara* involved a challenge to a state law restricting the rights of 18-to-20-year-olds to carry firearms in public and the court's opinion is instructive on several issues relevant here.

The *Lara* Court held that 18-to-20-year-olds are part of "the people" protected by the Second Amendment, so that any restriction on the rights of Plaintiffs must be historically justified. *Lara*, at *5–6. And in doing its historical analysis, *Lara* correctly parted ways with this Court's vacated decision in *National Rifle Association v. Bondi*, 61 F.4th 1317 (11th Cir. 2023), and held that the critical year for understanding the Second Amendment is 1791. *Lara*, at *7–8. It declined to even consider proffered historical analogues—many of which played an important role in the *Bondi* decision—that dated from the mid-to-late nineteenth century. *Id.* at *8 n.15; *Bondi*, 61 F.4th at 1325–1327 & Appx. That was dispositive of the case, since there was a "conspicuously sparse record of state regulations on 18-to-20-year-olds at the time of the Second Amendment's ratification." *Lara*, at *9.

In addressing the argument that the plaintiffs lacked standing to sue the Commissioner of the Pennsylvania State Police, *Lara* held that an injunction could issue barring the arrest of plaintiffs for carrying without a license, which "would be

a form of relief" sufficient to support standing. *Id.* at \*11. Although Plaintiffs continue to believe that the Commissioner is a proper defendant in this case because of his role in creating license application forms, this same reasoning provides "an additional basis" for finding Plaintiffs have standing against him in this case. Pls.' Br. 16.

Respectfully submitted,

s/ David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF