

# GEORGIA DEPARTMENT OF LAW

40 Capitol Square SW
Atlanta, Georgia 30334-1300

CHRISTOPHER M. CARR
ATTORNEY GENERAL

www.law.ga.gov
(404) 656-3300

Writer's Direct Dial:
404-458-3289
dgore@law.ga.gov

February 7, 2024

**VIA CM/ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
Elbert P. Tuttle Courthouse
56 Forsyth Street, NW
Atlanta, Georgia 30303

RE: *Baughcum, et al. v. Jackson, et al.*, **Appeal No. 22-13444**

Dear Mr. Smith:

  Plaintiffs suggest that *Lara v. Comm'r Pa. State Police*, 91 F.4th 122 (3d Cir. 2024), supports their new-on-appeal standing argument. *Lara* provides no such support.

  *Lara* involved a challenge to Pennsylvania statutes that prohibit 18-to-20-year-olds from openly carrying during a state of emergency. *Id*. at *2-4. Neither the alleged injury nor the relief sought concerned the plaintiffs' inability to obtain a license. Observing that "the existence of a license is not what [the plaintiffs] are fighting about," that a "bar on arrests" would provide the requested relief, and that the defendant implicitly acknowledged as much, the Third Circuit held that there was standing. *Id*. at *26 and n. 27.

  None of this is true here. As Plaintiffs made clear in their briefs, obtaining a license (or, at a minimum, being permitted to apply for one notwithstanding their age) is the redress they seek. *See, e.g.*, App. Br. at 32. An injunction against the Commissioner would not provide such relief. Moreover, unlike Pennsylvania, Georgia prohibits law enforcement officers from detaining individuals for the sole purpose of investigating whether they are lawful carriers. O.C.G.A. § 16-11-137. So a bar on arrests would be pointless: when "future injury is based on the occurrence of a random or unauthorized act, then the injury is 'too speculative' for standing purposes." *J W v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018) (quotation omitted).

Additionally, Plaintiffs never sought an injunction barring arrest in the district court, nor did they assert this theory of Article III standing. This Court "must evaluate standing 'based on the facts alleged in the complaint'" and may not "hypothesize or speculate about the existence of an injury [Plaintiffs] did not assert" below. *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) (quotation omitted). "Late-breaking allegations in unsworn briefs" are insufficient, *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 934 (11th Cir. 2020) (en banc). *Lara* does nothing to change the critical point: an injunction against the Commissioner would accomplish nothing for Plaintiffs, so they lack standing to sue him.

Respectfully submitted,

/s/ *Deborah Nolan Gore*
Christopher M. Carr
  *Attorney General of Georgia*
Beth Burton
  *Deputy Attorney General*
Justin T. Golart
  *Deputy Solicitor General*
Tina M. Piper
  *Senior Asst. Attorney General*
Deborah Nolan Gore
  *Senior Assistant Attorney General*
Office of the Georgia Attorney General
40 Capitol Square, SW
 Atlanta, Georgia 30334
(404) 458-3252
dgore@law.ga.gov

*Counsel for Defendant/Appellee Commissioner of Georgia Department of Public Safety*

cc: All counsel of record via CM/ECF

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify that the following persons and entities may have an interest in the outcome of this case:

Baughcum, Christopher Jr., Plaintiff/Appellant

Bergstrom, William V., Counsel for Plaintiffs/Appellants

Bowen, Hon. Dudley H., United States District Judge

Burton, Beth, Deputy Attorney General, Counsel for Defendant/Appellee Chris Wright

Carr, Christopher M., Attorney General, Counsel for Defendant/Appellee Chris Wright

Cooper & Kirk, PLLC, Counsel for Plaintiffs/Appellants

Epps, Hon. Brian K., United States Magistrate Judge

Firearms Policy Coalition, Inc., Plaintiff/Appellant

Golart, Justin, Deputy Solicitor General, Counsel for Defendant/Appellee Chris Wright

Gore, Deborah Nolan, Assistant Attorney General, Counsel for Defendant/Appellee Chris Wright

Jackson, Genola, Defendant/Appellee

John Monroe Law, P.C., Counsel for Plaintiffs/Appellants

Long, Sophie, Defendant/Appellee

Martin, Kathryn B., Defendant/Appellee

Meyers, Zane, Plaintiff/Appellant

Monroe, John R., Counsel for Plaintiffs/Appellants

Patterson, Peter A., Counsel for Plaintiffs/Appellants

Piper, Tina, Senior Assistant Attorney General, Counsel for Defendant/Appellee Chris Wright

Spires, Janice D., Defendant/Appellee

Thompson, David H., Counsel for Plaintiffs/Appellants

David J. Smith
February 7, 2024
Page 4 of 4

Waymire, Jason C., Counsel for Defendants/Appellees Jackson, Spires, and Martin

Williams, Morris & Waymire, LLC, Counsel for Defendants/Appellees Jackson, Spires, and

    Martin

Wright, Chris, Defendant/Appellee

                                                   /s/ *Deborah Nolan Gore*
                                                   Deborah Nolan Gore